IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOE NATHAN MIDDLETON,<br>     Petitioner, | §<br>§<br>§ | |
| V. | § | A-07-CA-147-SS |
| | § | |
| NATHANIEL QUARTERMAN, Director,<br>Texas Dept. of<br>Criminal Justice-Correctional<br>Institutions Division,<br>     Respondent. | §<br>§<br>§<br>§<br>§<br>§ | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

To:     The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2254 (Document 1) and Respondent's Answer (Document 14). Petitioner, proceeding pro se, has paid the filing fee for his application. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

**STATEMENT OF THE CASE**

**A.     Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 403rd Judicial District Court of Travis County, Texas, in cause number 5040117, styled The State of Texas v. Joe Middleton. Petitioner was indicted for the offense

of burglary of a habitation, alleged to have occurred on or about February 19, 2004. On February 28, 2005, a jury found Petitioner guilty of the offense, and on March 2, 2005, he was sentenced to 30 years in prison.

Petitioner's conviction was affirmed by the Sixth Court of Appeals of Texas on January 25, 2006. Middleton v. State, 187 S.W.3d 134 (Tex. App. – Texarkana 2006, pet. ref'd). Petitioner also challenged his conviction in a state application for habeas corpus relief. Petitioner's state application was filed on June 22, 2006. The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing on December 20, 2006. Ex parte Middleton, Appl. No. 29,687-02 at cover.

**B.     Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. The state habeas court erred in denying Petitioner's state application for habeas corpus relief, thereby denying Petitioner his right to file a petition for discretionary review;

2. He was denied effective assistance of appellate counsel because his attorney failed to notify him that his appeal had been affirmed; and

3. He was denied effective assistance of appellate counsel because his attorney failed to raise issues properly preserved by Petitioner's trial counsel.

**C.     Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application with the exception of his claim that he was denied his right to file a petition for discretionary review. Respondent argues the unexhausted claim is procedurally barred. As pointed out by Petitioner, his unexhausted claim did not arise until the denial of his state application for habeas corpus relief.

**DISCUSSION AND ANALYSIS**

A.    **The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"],[1] which radically altered the standard of review by this Court in federal habeas corpus proceedings filed by state prisoners pursuant to Title 28 U.S.C. § 2254. Under the AEDPA's new standard of review, this Court cannot grant Petitioner federal habeas corpus relief in this cause in connection with any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(1)-(2).

The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of ... [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quoting (Terry) Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1523 (2000)).   The inquiry into whether the decision was based on an "unreasonable determination of the facts" constrains a federal court in its habeas review due to the deference it must accord the state court. See id.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by ... [the Supreme Court] on a question of law or if the state court decides a case differently than ... [the Supreme Court] has on a set of materially indistinguishable facts.   Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

> identifies the correct governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 740-41.

Section 2254(d)(2) speaks to factual determinations made by the state courts. See 28 U.S.C. § 2254(e)(1). While we presume such determinations to be correct, the petitioner can rebut this presumption by clear and convincing evidence. See id. Absent an unreasonable determination in light of the record, we will give deference to the state court's fact findings. See id. § 2254(d)(2). With these principles in mind, this Court must now turn to the issues raised by the pleadings in this cause.

**B.    Denial of Right to File Petition for Discretionary Review**

Petitioner argues he was denied the right to file an appeal. A closer examination of Petitioner's claim reveals he is actually asserting that he was denied the right to file a petition for discretionary review. He claims counsel failed to notify him that his conviction had been affirmed. According to Petitioner, he learned his conviction had been affirmed by reading about it in the prison law library nearly four months later.

Petitioner asserts he filed a state application for habeas corpus relief arguing his appellate counsel was ineffective for failing to inform him of the status of his appeal and to notify him of his right to file a petition for discretionary review. Appellate counsel provided the state court with his affidavit, stating he mailed a letter to Petitioner on January 31, 2006, informing Petitioner of the appellate decision. Ex parte Middleton, Appl. No . 29,687-02 at Supp. Rec'd at 3-4. The letter also contained information regarding the filing of a petition for discretionary review. Id. at 11-12. The state habeas court denied Petitioner's state application for habeas corpus relief after the trial court

concluded the assertions and averments in appellate counsel's affidavit were credible and Petitioner had not demonstrated that his appellate counsel rendered ineffective assistance of counsel. Id. at 48.

Petitioner contends the state court erred in not ordering the prison mail logs to prove that Petitioner never received counsel's letter. Petitioner further contends the Texas Court of Criminal Appeals also erred when it denied Petitioner relief.

Petitioner's attack on the Court of Criminal Appeals's refusal to grant him an out-of time petitioner for discretionary review fails. Infirmities in state habeas corpus proceedings do not constitute grounds for federal habeas corpus relief. Wheat v. Johnson, 238 F.3d 357, 361 (5th Cir. 2001); Vail v. Procunier, 747 F.2d 277 (5th Cir. 1984); cf. Millard v. Lynaugh, 810 F.2d 1403, 1410 (5th Cir.) (a state has no constitutional duty to provide post conviction remedies; "[e]ven if there was some error in the state denial of a hearing before adjudicating petitioner guilty of abuse of the writ process, this would not entitle Petitioner to federal habeas corpus relief because the complaint is an attack on a proceeding collateral to the detention and not the detention itself" (citations omitted)), cert. denied, 484 U.S. 838, 108 S. Ct. 122 (1987); Tijerina v. Estelle, 692 F.2d 3, 5 (5th Cir. 1982) (need for an evidentiary hearing is a decision to be made by the state convicting court in the exercise of its sound discretion (citing TEX. CODE CRIM. PROC. art. 11.07 Sec. 2(d); Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.1967))).

### C.  Ineffective Assistance of Appellate Counsel

As noted above, Petitioner argues his appellate counsel was ineffective because he failed to inform Petitioner that his conviction had been affirmed. Due to the lack of notice, Petitioner claims he was unable to file a petition for discretionary review.

5

The fundamental problem with Petitioner's complaint about the performance of his appellate counsel is that it is clear in this Circuit that a trial counsel's failure to timely notify a criminal defendant of the final disposition of the defendant's direct appeal implicates no federal constitutional right. See Moore v. Cockrell, 313 F.3d 880, 881 (5th Cir. 2002) (holding the constitutional right to counsel terminates once the appellate court issues its opinion and, therefore, appellate counsel's failure to notify the defendant of the outcome of the appeal cannot furnish a basis for a claim of ineffective assistance on appeal), cert. denied, 538 U.S. 969, 123 S. Ct. 1768 (2003); Jackson v. Johnson, 217 F.3d 360, 364-65 (5th Cir. 2000) (holding the constitutional right to the assistance of counsel on appeal does not extend to the filing of a motion for rehearing following disposition of the defendant's direct appeal).

Moreover, regardless of whether Petitioner received appellate counsel's letter, the state court found appellate counsel timely notified Petitioner regarding the outcome of his appeal and the right to file a petition for discretionary review. There is nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence with regard to Petitioner's claim of ineffective assistance of appellate counsel.

Petitioner also argues his appellate counsel was ineffective because he failed to raise issues properly preserved by trial counsel. Specifically, Petitioner argues counsel should have raised the following issues on appeal: (1) ineffective assistance of trial counsel; (2) illegal search; (3) Petitioner was displayed before the jury in restraints; (4) trial court refused to suppress illegal detention of Petitioner by Officer Hill; and (5) Petitioner was denied his right to confront witness(es).

A criminal defendant has a constitutional right to effective assistance of counsel in his first appeal as of right. Hughes v. Booker, 203 F.3d 894, 896 (5th Cir. 2000) (citing Evitts v. Lucey, 469

U.S. 387, 293-95, 105 S. Ct. 830, 834 (1985)). Where a petitioner argues that counsel failed to assert or fully brief a particular claim, he must show that his attorney's performance was both deficient and prejudicial. Id. (citing Penson v. Ohio, 488 U.S. at 84, 109 S. Ct. at 352-54 (citing Strickland v. Washington, 466 U.S. 668, 689-94, 104 S. Ct. 2052, 2065-67 (1984))). To establish prejudice, a petitioner must demonstrate a reasonable probability that absent his appellate counsel's unreasonable performance he would have prevailed on appeal. Smith v. Robbins, 528 U.S. 285, 285-86 (2000). Appellate counsel is not ineffective because he failed to raise the issues presented by the defendant or because he failed to raise every possible point on appeal. Sharp v. Puckett, 930 F.2d 450, 452 (5th Cir. 1991).

On state habeas review, the trial court relied upon appellate counsel's affidavit. Counsel attested:

> As to Appellant's Point Number 2, I thoroughly reviewed both the Trial Court District Clerk's Record and the Trial Court Reporter's Record in Mr. Middleton's case. I also visited with Mr. Middleton while he was housed in the Travis County Jail at Del Valle, where he presented various complaints, none of which, I explained, I felt had any merit. He acknowledges my counsel to him in his letter dated 8-8-05 (Exhibit 1, pg 2). After reviewing the entire file, I determined that the points I presented on appeal for Mr. Middleton were legally valid and sufficient. The points that Mr. Middleton complains were omitted, were issues that he did not make known to me, or were issues that I determined were not legally sufficient, or were not legally significant, in my professional opinion, to bring to the attention of the chamber.

Ex parte Middleton, Appl. No. 29,687-02 at Supp. Rec'd at 4.

The trial court found that appellate counsel used his professional judgment and presented the issues he felt were most likely to win the applicant a reversal. Id. at 47. The state court further found that Petitioner did not present sufficient facts to show that the issues that appellate counsel failed to raise amounted to error by the trial court. Id. at 47-48. Additionally, the state court found that

Petitioner failed to offer any evidence, beyond bare statements, that the issues he felt counsel should have argued were properly preserved at trial. Id. at 48. Lastly, the state court found that Petitioner did not present any evidence that counsel's decision to rely on certain issues on appeal while ignoring others prejudiced his appeal. Id. The court concluded that Petitioner had not demonstrated that counsel rendered ineffective assistance. Id. As discussed below, the state court's decision was not unreasonable.

### 1. Failure to Raise Ineffective Assistance of Trial Counsel

Petitioner was not prejudiced by counsel's failure to raise ineffective assistance of trial counsel in his direct appeal. This claim is more properly brought in a state application for habeas corpus relief, so that the record may be more fully developed. See Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002) (the record on direct appeal will not be sufficient to demonstrate that trial counsel's representation was so deficient and lacking in tactical or strategic decision-making as to overcome the strong presumption that counsel's conduct was reasonable and professional).

### 2. Failure to Challenge Search

Petitioner asserts his trial counsel attempted to suppress evidence obtained during an illegal search of his house, yard, porch, driveway and van. Petitioner contends his sister's consent to the search was coerced. Petitioner faults appellate counsel for failing to challenge the search on appeal.

After a hearing, the trial court denied Petitioner's motion to suppress evidence. At the hearing, Petitioner's sister admitted she gave the officers consent to search the house and van. 3 SF 156, 161. Ms. Middleton explained she shared the house equally with Petitioner and her sister, because they had inherited the house from their mother. 3 SF 149. Although Ms. Middleton and her siblings respected each other's privacy, she had access to the entire house. 150-52. She further

8

testified she had access to the van she and her siblings had originally inherited from her mother, but later sold to Petitioner, and had a set of keys to the vehicle. 3 SF 157-63. Ms. Middleton testified she gave her consent freely and voluntarily although she was experiencing some anxiety. 3 SF 172. Although trial counsel vigorously litigated the legality of the search, he was unable to overcome the fact that Ms. Middleton voluntarily consented to the search.

      3.     <u>Failure to Challenge Restraints</u>

Petitioner contends appellate counsel should have objected that Petitioner was required to wear restraints in the presence of the jury. The record reveals prior to closing arguments Petitioner was brought back into the courtroom in handcuffs and ankle chains after he was heard by the judge struggling and arguing with sheriff's deputies outside the courtroom. 5 SF 50, 56. The jury was not present, and defense counsel objected, stating the handcuffs and ankle chains were clearly visible. 5 SF 50. The trial court indicated it was not going to interfere with the safety concerns of the Travis County Sheriff's Department and it did not believe the restraints were visible from the jury's standpoint. 5 SF 51. Counsel disagreed and stated the restraints were visible. 5 SF 52. The court directed the bailiff to put items in front of the defense table to block the jury's view of the ankle restraints. 5 SF 52. At that time, a sheriff's deputy informed the judge the leg irons could be removed. 5 SF 52. After the leg irons were removed, defense counsel again objected, stating the handcuffs were clearly visible. 5 SF 53. The judge requested the bailiff to sit in one of the juror's chairs to see if the handcuffs were visible. 5 SF 54. According to the bailiff, she could not see the handcuffs. 5 SF 54. Defense counsel questioned the bailiff and she noted she could see the handcuffs, but that she thought it was a watch at first. 5 SF 55. The judge offered to drape a jacket over the handcuffs, but defense counsel declined the offer. 5 SF 55-56. The court reiterated that the

9

leg irons had been removed and she did not believe the handcuffs were visible to the jury. 5 SF 56-57. The State noted for the record that Petitioner was seated at the table farthest from the jury. 5 SF 57. There is no evidence the handcuffs were visible to the jurors, and it appears from the record that Petitioner's conduct with the sheriff's deputies justified the restraints. As such, Petitioner was not prejudiced by appellate counsel's failure to raise a meritless issue on appeal.

  4. <u>Failure to Challenge Detention</u>

Petitioner also believes appellate counsel should have challenged the trial court's failure to suppress the testimony of Officer Hill. Petitioner does not explain why he believes such testimony was inadmissible. At trial, Officer Hill testified he responded to a suspicious person call and identified Petitioner as having outstanding traffic warrants. Petitioner was arrested pursuant to the warrants, and his van was subjected to an inventory search. 5 SF 7, 8, 19, 24, 26, 27. Defense counsel objected, arguing the stop, arrest and search were invalid. 5 SF 38. The State argued the arrest and subsequent search were proper, and the trial court overruled the objection. 5 SF 38. The record does not support Petitioner's argument that the stop, arrest or search were invalid. As such, appellate counsel was not ineffective for failing to raise a claim challenging Petitioner's detention.

  5. <u>Failure to Challenge Denial of Right to Confrontation and Miscellaneous Issues</u>

Petitioner argues he was denied the right to confrontation and cross-examination. Petitioner does not identify what witness he was denied the right to confront. Petitioner's conclusory claim does not warrant habeas corpus relief.

Similarly, Petitioner argues he also "had issues of motion for directed verdict, repeated violations of motion in limine, speedy trial, prosecutor misconduct. . . insufficient notice of offense

in the indictment, proof of perjury by the two testifying officers and selective prosecution." However, Petitioner offers no support for his claims.

In sum, Petitioner has not shown the state court's application of clearly established federal law was unreasonable. Accordingly, Petitioner's claims do not warrant federal habeas relief.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 7th day of September, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE